IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-CR-20049 |
| | ) | |
| v. | ) | |
| | ) | |
| RANDY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' MOTION *IN LIMINE* TO BAR ALIBI DEFENSE

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and moves this Court to enter an order barring the defendant and the defendant's counsel from referencing, arguing for, and introducing evidence of any alibi defense, and, in support of its motion, states as follows:

1. The trial in this matter is set to commence April 10, 2018. The defendant was indicted on September 6, 2017, for his role in a July 28, 2016, robbery in Champaign, Illinois. R. 1.

2. At the defendant's September 13, 2017, initial appearance, the Court appointed CJA Counsel Ronald Langacker to represent the defendant. d/e 9/13/2017. However, due to a conflict of interest, Counsel Langacker was allowed to withdraw on September 18, 2017. d/e 10, 9/18/2017.

1

3. Also on September 18, 2017, the Court appointed CJA Counsel David Rumley to represent the defendant. *Id*. Since that appointment, Mr. Rumley has, without interruption, continued to represent the defendant.

4. On October 25, 2017, a lawyer for the United States produced an initial set of discovery to the defendant by sending 384 pages of Bates-stamped documents to Mr. Rumley. That initial discovery included a cover letter dated October 25, 2017.

5. In the third paragraph of the October 25, 2017, cover letter, an attorney for the government stated, "Further, under Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby requests notice of alibi."[1]

6. That discovery and cover letter was sent to Mr. Rumley via certified mail at P.O. Box 3162, Bloomington, Illinois, 61702-3162. The return receipt indicates that Kelly D. Rumley signed for the parcel on November 2, 2017.

7. At no point, either before or after November 2, 2017, has the defendant or his counsel submitted to the government any notice of an alibi defense.

8. According to Rule 12.1(a)(2), the defendant must, within 14 days after the government's request for an alibi defense or within a time set by the Court, must serve

---

[1] Although the government's discovery letter does not explicitly state the time, date and location of the alleged offense. Those facts are clearly outlined in the police reports provided contemporaneously with the discovery letter and in the indictment itself. Therefore, any claim by the defendant that he was unaware of the time, date, and location of the alleged offense is unavailing. More importantly, the indictment charges the defendant with aiding and abetting the robbery "[o]n or about July 28, 2016." Therefore, the indictment as well as the October 25, 2017, discovery materials place the defendant on notice of a date, time, and place sufficient for purposes of an alibi defense. *See United States v. Nelson Rodriguez*, 319 F.3d 12, 36 (1st Cir. 2003) *citing United States v. Leibowitz*, 857 F.2d 373, 379 (7th Cir. 1988).

2

written notice of an alibi defense that identifies "each specific place where the defendant claims to have been at the time of the alleged offense; and (B) the name, address, and telephone number of each alibi witness on whom the defendant intends to rely." Importantly, "If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." Fed.R.Crim. P. 12.1(e). *United States v. Bouye*, 688 F.2d 471, 474–75 (7th Cir. 1982) (the trial court "is empowered to penalize unexcused noncompliance by excluding the testimony of undisclosed witnesses.")

9. As the advisory committee notes, the purpose of Fed.R.Crim.P. 12.1 is to prevent an "unnecessary interruption and delay" by providing a "mechanism which will enable the parties to have specific information in advance of trial to prepare to meet the issue of alibi during the trial." Fed. R. Crim. P. 12.

10. The prosecution is justified in wanting to investigate a defendant's alibi in advance of trial. *United States v. Ford*, 683 F.3d 761, 764 (7th Cir. 2012). Where a defendant fails to provide notice of an alibi, a district judge is "right to exclude the evidence because of the defendant's failure to have complied with Rule 12.1(a)." *Id.*

WHEREFORE, the United States respectfully requests that this Court enter an order barring the defendant and the defendant's counsel from referencing, arguing for, and introducing evidence of any alibi defense.

> Respectfully submitted,
>
> JOHN E. CHILDRESS
> UNITED STATES ATTORNEY
>
> s/ *C. Ryan Finlen*
> C. Ryan Finlen
> Assistant United States Attorney
> 201 S. Vine St., Suite 226
> Urbana, IL 61802
> Phone: 217-373-5875
> Fax: 217-373-5891
> ryan.finlen@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 29, 2018, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Defendant's counsel in this case.

                                                   /s/   *C. Ryan Finlen*
                                                      C. Ryan Finlen