UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA,     )
    )
    Plaintiff-Respondent,     )
    )
v.     )     Case No. 2:17-cr-20049-SLD-EIL
    )
RANDY WILLIAMS,     )
    )
    Defendant-Petitioner.     )

ORDER

Before the Court is Defendant-Petitioner Randy Williams's Motion Pursuant to Rule

60(b)(1)&(3) or (6) ("Rule 60 Motion"), ECF No. 129.[1]  For the reasons that follow, the motion

is DENIED.

**BACKGROUND**

Williams filed a motion under 28 U.S.C. § 2255 alleging that he was provided ineffective

assistance of counsel in violation of the Sixth Amendment.  *See* 2255 Mot., ECF No. 86; Mem.

Supp. 2255 Mot. 1–16, ECF No. 86 at 13–32.  The Court denied some of Williams's claimed

bases of ineffective assistance of counsel and appointed counsel for Williams.  *See* Mar. 29, 2024

Order 19–20, ECF No. 113.  Counsel filed an amended § 2255 motion that raised four of the

remaining bases of ineffective assistance of counsel.  *See generally* Am. 2255 Mot., ECF No.

---

[1] The Court lacks jurisdiction to consider a successive motion under § 2255 unless a petitioner first obtains authorization from the Seventh Circuit to file the motion.  *See* 28 U.S.C. § 2255(h); *Phillips v. United States*, 668 F.3d 433, 436 (7th Cir. 2012).  Because the substance rather than the label controls whether a motion is considered a § 2255 motion, *see United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007), the Court has considered whether Williams's Rule 60 Motion should be treated as a successive § 2255 motion.  Because Williams is complaining about a defect in the 2255 proceeding rather than a defect in his criminal proceeding, the Court concludes that this is a proper Rule 60(b) motion.  *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005) (noting that a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" does not constitute a new motion for habeas relief); *Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015) (holding that the petitioner's Rule 60(b) motion was not an unauthorized successive § 2255 motion because the petitioner was "trying to reopen his existing section 2255 proceeding and overcome a procedural barrier to its adjudication").

123.  On March 31, 2025, the Court denied Williams's amended motion and found the rest of the *pro se* § 2255 motion moot.  *See* Mar. 31, 2025 Order 3, 16–17, ECF No. 126.  Judgment was entered the same day.  Judgment, ECF No. 127.

The Court received the Rule 60 Motion on June 30, 2025.  *See* Rule 60 Mot. 1.  In it, Williams argues that his appointed counsel either misrepresented that he was waiving some of his earlier claims or engaged in misconduct by not re-raising or incorporating all the claims raised in the *pro se* § 2255 motion.  *Id.* at 1–2.  He also argues that counsel committed misconduct by not providing him with discovery material so he could perfect some of his claims. *Id.* at 2.

## DISCUSSION

### I.    Legal Standards

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" a number of enumerated reasons—for example, because of a "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), including "inadvertence on the part of both courts and parties," *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013), or because of "fraud . . . , misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3)—or for "any other reason that justifies relief," *id.* 60(b)(6).  "[C]ourts read the Rule 60(b) subsections to be 'mutually exclusive,' meaning if relief is available under a more specific subsection, it is not available under subsection (6)."  *Mendez*, 725 F.3d at 657 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)).

II.     **Analysis**

The language of Williams's Rule 60 Motion suggests that he is primarily relying on Federal Rule of Civil Procedure 60(b)(3) as he mentions misrepresentation and misconduct numerous times.  *See* Rule 60 Mot. 1–2.  But he is arguing that his own appointed attorney committed misconduct and made misrepresentations, not the Government's attorney.  Rule 60(b)(3) only applies when the adverse party commits misconduct or makes misrepresentations, so Rule 60(b)(3) does not provide a basis to vacate the Court's order.

Rule 60(b)(1) allows a court to vacate a judgment because of mistake, inadvertence, or excusable neglect.  An error by the moving party's own counsel can be a basis for vacating a judgment under Rule 60(b)(1), but it is the moving party's "burden to prove that the neglect was excusable."  *Helm v. Resol. Tr. Corp.*, 84 F.3d 874, 878 (7th Cir. 1996).  Williams has not shown that his appointed counsel erroneously or negligently omitted some of his *pro se* arguments.  More likely is that appointed counsel determined that those arguments were unlikely to succeed.  Without showing that there was a mistake or an inadvertent or negligent act, Williams has not shown he is entitled to relief.  Williams also claims that his counsel failed to share discovery material with him, Rule 60 Mot. 2, but the Court fails to see how that would warrant relief under Rule 60(b)(1).

Finally, Rule 60(b)(6) allows a court to vacate a judgment for any other reason that justifies relief.  "[A] movant seeking relief under Rule 60(b)(6)" must "show extraordinary circumstances justifying the reopening of a final judgment."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quotation marks omitted).  To the extent that Williams claims that his counsel's failure to include all arguments in the amended motion is an extraordinary circumstance justifying relief under Rule 60(b)(6), the Court disagrees.  The Seventh Circuit has found that

abandonment by a postconviction attorney can constitute an extraordinary circumstance warranting relief under Rule 60(b)(6).  *Ramirez v. United States*, 799 F.3d 845, 854 (7th Cir. 2015); *Lombardo v. United States*, 860 F.3d 547, 559 (7th Cir. 2017).   But appointed counsel's alleged failures here do not rise even close to the level of abandonment.  Counsel just narrowed William's claims after reviewing the record.

## CONCLUSION

Accordingly, Defendant-Petitioner Randy Williams's Motion Pursuant to Rule 60(b)(1)&(3) or (6), ECF No. 129, is DENIED.

Entered this 29th day of October, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE